**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CULLEN HALLMARK, Special ) <br> Administrator of The Kathleen M. ) <br> and William L. Eagleton, Jr., ) <br> Revocable Trust, ) <br> ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BUSEY BANK, KATHLEEN M. ) <br> EAGLETON, and JOHN EAGLETON, ) <br> ) <br>      Defendants. ) | Case No. _____ |

**AMENDED COMPLAINT**

CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust ("Plaintiff"), by and through his undersigned attorneys, states as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is a resident of the State of New Mexico, and was appointed Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust (the "Exemption Trust") pursuant to an Order of the First Judicial District Court, State of New Mexico, County of Santa Fe, entered April 16, 2025 in case number D-101-PB-2022-00199 (the "New Mexico Case").

2. Busey Bank ("Busey") is an Illinois state-chartered banking institution with its principal place of business in Champaign, Illinois.

3. On information and belief, Kathleen M. Eagleton ("Kathleen") is an individual residing in the State of Massachusetts.

4. On information and belief, John Eagleton ("John") is an individual residing in the State of Massachusetts.

5. The Court has jurisdiction over the parties because the matters at issue in this case occurred in the State of Illinois, and the real property that is the subject matter of this action is located in the State of Illinois.

6. The Court has subject matter over this action pursuant to 28 U.S.C. §1332(a) because the parties to this action are citizens of different States and, as discussed more fully below, the amount in controversy in this action, exclusive of interest and costs exceeds the sum of $75,000.00.

7. Venue of this action in the United States District Court for the Southern District of Illinois is appropriate pursuant to 28 U.S.C. §1391(b) because a substantial part of the property that is the subject matter of this action is situated in said District.

### Allegations Common to All Counts

8. Prior to April 8, 2024, Kathleen was Trustee of the Exemption Trust.

9. Among other things, the Exemption Trust owned and continues to own real property in Jersey and Douglas Counties, Illinois, as more particularly described on Exhibit A hereto (the "Real Property").  The Jersy County real property consists of approximately 300 acres, and the Douglas County real property consists of roughly 155 acres.

2

10. In connection with the matters at issue in the New Mexico Case and effective April 8, 2024, Kathleen, John, and others entered into a settlement agreement (the "Settlement Agreement"), which provides that, among other things, Kathleen was removed as Trustee of the Exemption Trust, a Corporate Trustee of the Exemption Trust was to be appointed, and "[b]etween the date of this email agreement and appointment of a corporate Trustee, Kathleen agrees not to sell or encumber the Illinois farmland, Oklahoma real estate and Oklahoma mineral interests." A copy of the Settlement Agreement is attached hereto as Exhibit B.

11. The Settlement Agreement incorporates a mechanism for selecting a Corporate Trustee for the Exemption Trust.

12. Kathleen and John both executed the Settlement Agreement along with other parties.

13. Notwithstanding her undertakings in the Settlement Agreement, among other things, Kathleen failed and refused to comply with her obligations concerning selection of a Corporate Trustee.

14. By reason of Kathleen's breach of her obligations under the Settlement Agreement, Alexander Eagleton, Dhyana Marie Eagleton-Meiffren, Philip Eagleton, Mac Michael Eagleton and Anthony Eagleton (collectively, "Petitioners"), all of whom are beneficiaries of the Exemption Trust, filed their Petitioners' Motion to Enforce Settlement Agreement (the "Enforcement Motion") in the New Mexico Case.

15. In the Enforcement Motion, the Petitioners sought enforcement of the Settlement Agreement, appointment of a Corporate Trustee, an Order authorizing

3

Petitioners to draft such documents as necessary to effectuate the terms of the Settlement Agreement, an Order requiring Kathleen and other respondents to execute an Amended & Restated Trust, an Order prohibiting Kathleen from selling or encumbering the Illinois farmland, Oklahoma real estate and Oklahoma mineral interests, and an award of attorney fees as costs. A copy of the Enforcement Motion is attached hereto as Exhibit C.

16. As more particularly discussed below, the Enforcement Motion was pending at the time of the occurrence of the matters forming the basis for this action.

17. The Enforcement Motion, and the relief requested therein, pertained directly to the Real Property, along with other issues more particularly described in the Settlement Agreement and the Enforcement Motion.

18. On January 17, 2025, Petitioners caused a *lis pendens* to be recorded in Jersey County, Illinois, a copy of which is attached hereto as Exhibit D.

19. On January 16, 2025, Petitioners caused a *lis pendens* to be recorded in Douglas County, Illinois, a copy of which is attached hereto as Exhibit E.

20. Notwithstanding the pendency of the Enforcement Motion and notwithstanding the *lis pendens*, on or about March 19, 2025, Kathleen, ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement Agreement, borrowed the sum of $700,000.00 from Busey (the "Jersey County Loan").

21. As collateral and security for the Jersey County Loan, Kathleen, once again ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement Agreement, granted Busey a mortgage lien and assignment of rents against the Trust's real property located in Jersey County, Illinois. Copies of the real estate

4

mortgage and assignment of rents with respect to the Trust's real property in Jersey County, Illinois, are attached hereto as Group Exhibit F.

22. The real estate mortgage and rent assignment purportedly collateralizing the Jersey County Loan were recorded March 20, 2025.

23. Notwithstanding the pendency of the Enforcement Motion and notwithstanding the *lis pendens*, on or about January 31, 2025, Kathleen, ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement Agreement, borrowed the sum of $787,500.00 from Busey (the "First Douglas County Loan").

24. As collateral and security for the First Douglas County Loan, Kathleen, once again ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement Agreement, granted Busey a mortgage lien and assignment of rents against the Trust's real property located in Douglas County, Illinois. Copies of the real estate mortgage and assignment of rents with respect to the Trust's real property in Douglas County, Illinois, and the First Doughlas County Loan are attached hereto as Group Exhibit G.

25. The real estate mortgage and rent assignment purportedly collateralizing the First Douglas County Loan were recorded in Douglas County, Illinois, on February 3, 2025.

26. Notwithstanding the pendency of the Enforcement Motion and notwithstanding the *lis pendens*, on or about January 15, 2025, Kathleen, ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement

Agreement, borrowed the sum of $534,000.00 from Busey (the "Second Douglas County Loan").

27. As collateral and security for the Second Douglas County Loan, Kathleen, once again ostensibly as Trustee of the Exemption Trust and in derogation of her obligations under the Settlement Agreement, granted Busey a mortgage lien and assignment of rents against the Trust's real property located in Douglas County, Illinois. Copies of the real estate mortgage and assignment of rents with respect to the Trust's real property in Douglas County, Illinois, and the Second Douglas County Loan are attached hereto as Group Exhibit H.

28. The real estate mortgage and rent assignment purportedly collateralizing the Second Douglas County Loan were recorded in Douglas County, Illinois, on May 7, 2025.

29. The Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan were each contracted by Kathleen Eagleton in contravention of her obligations under the Settlement Agreement.

30. The mortgage and rent assignments securing the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan were all granted in breach of the express prohibition under the Settlement Agreement of Kathleen's ability to encumber Illinois farmland.

31. At the very least, Busey had constructive notice of the Enforcement Motion by reason of the *lis pendens* recorded in Jersey and Douglas Counties, Illinois.

## COUNT I – DECLARATORY JUDGMENT

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint as though fully set forth in this Count I.

33. On April 16, 2025, the Court in the New Mexico Case entered its Order granting the Enforcement Motion (the "Enforcement Order"). A copy of the Enforcement Order is attached hereto as Exhibit I.

34. Under the Enforcement Order, Plaintiff was appointed Special Administrator of the Exemption Trust, and, among other relief set forth in the Enforcement Order, was granted full authority to act as Trustee of the Exemption Trust.

35. On February 4, 2026, Busey sent a demand letter to Plaintiff in which it demanded payment of all sums due and owing under the Jersey County Loan, the First Douglas County Loan and the Second Douglas County Loan (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit J.

36. In the Demand Letter, Busey alleged that the Exemption Trust defaulted under the Jersey County Loan, the First Douglas County Loan and the Second Douglas County Loan.

37. In addition to its demand for payment, Busey asserted its alleged right to seek relief under the real estate mortgages it claims encumber the Real Property.

38. By reason of his appointment as Special Administrator of the Exemption Trust, Plaintiff has an interest in the Real Property.

7

39. By reason of the Settlement Agreement, the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan, an actual and substantial controversy exists between Plaintiff and Busey, which requires an immediate determination of the parties' relative rights and interests in and to the Real Property.

40. Kathleen had no authority to act on behalf of the Exemption Trust in connection with the Jersey County Loan, the First Douglas County Loan, or the Second Douglas County Loan.

41. By entering into the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan, Kathleen acted in contravention of her obligations under the Settlement Agreement and contrary to the interests of the Trust.

42. The Settlement Agreement, executed on April 8, 2024, expressly removed Kathleen as Trustee of the Exemption Trust and expressly prohibited her from selling or encumbering the Illinois farmland pending appointment of a Corporate Trustee.

43. At all times relevant to the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan, Kathleen lacked authority to bind the Exemption Trust or to encumber its assets.

44. The mortgages and assignments of rents purportedly granted to Busey are void and unenforceable against the Exemption Trust and its assets, including the Real Property, because they were executed by a person without authority to act on behalf of the Trust.

45. In the alternative, the mortgages and assignments of rents purportedly granted to Busey are voidable at the election of the Exemption Trust because they were executed

8

in breach of the Settlement Agreement and in violation of Kathleen's fiduciary duties to the Trust and its beneficiaries.

46. Busey had constructive notice of Kathleen's lack of authority and the restrictions on her ability to encumber the Real Property by virtue of the *lis pendens* recorded in Jersey County, Illinois, on January 17, 2025, and in Douglas County, Illinois, on January 16, 2025.

47. A party who acquires an interest in real property with notice of a pending action affecting that property takes subject to the outcome of that litigation.

48. By reason of the foregoing, Busey cannot claim status as a bona fide purchaser or encumbrancer for value without notice.

49. An actual and justiciable controversy exists between Plaintiff and Busey concerning the validity and enforceability of the mortgages and assignments of rents purportedly encumbering the Real Property.

50. Plaintiff is entitled to a declaration pursuant to 28 U.S.C. §2201 that:

a. The mortgages and assignments of rents granted to Busey with respect to the Real Property are void and unenforceable against the Exemption Trust;

b. In the alternative, that said mortgages and assignments of rents are voidable and hereby avoided;

c. The Exemption Trust owes no obligation to Busey under the Jersey County Loan, the First Douglas County Loan, or the Second Douglas County Loan;

d. Busey has no valid lien or security interest in or to the Real Property;

9

e. Busey had constructive notice of the limitations on Kathleen's authority by reason of the recorded *lis pendens*; and

f. Any claims Busey may have arising from the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan are against Kathleen personally and not against the Exemption Trust or its assets.

## COUNT II – QUIET TITLE

51. Plaintiff repeats and realleges paragraphs 1 through 50 of this Complaint as though fully set forth in this Count II.

52. The Exemption Trust is the owner of the Real Property located in Jersey County and Douglas County, Illinois, as more particularly described in Exhibit A attached hereto.

53. Plaintiff, as Special Administrator of the Exemption Trust, brings this action to quiet title pursuant to 735 ILCS 5/15-1501 and under Illinois common law to remove the clouds on title to the Real Property created by the purported mortgages and assignments of rents granted to Busey.

54. Busey claims an interest in the Real Property by virtue of the mortgages and assignments of rents recorded as follows:

a. Real estate mortgage and assignment of rents with respect to the Jersey County, Illinois property, recorded March 20, 2025, purportedly securing the Jersey County Loan in the principal amount of $700,000.00;

b. Real estate mortgage and assignment of rents with respect to the Douglas County, Illinois property, recorded February 3, 2025, purportedly securing the First Douglas County Loan in the principal amount of $787,500.00; and

c. Real estate mortgage and assignment of rents with respect to the Douglas County, Illinois property, recorded May 7, 2025, purportedly securing the Second Douglas County Loan in the principal amount of $534,000.00.

55. The claims of Busey to the Real Property are invalid, void, and without legal effect for the following reasons:

a. Kathleen had no authority to execute the mortgages and assignments of rents on behalf of the Exemption Trust because she had been removed as Trustee effective April 8, 2024, pursuant to the Settlement Agreement;

b. Even if Kathleen retained some nominal authority as Trustee, she was expressly prohibited by the Settlement Agreement from encumbering the Illinois farmland;

c. The mortgages and assignments of rents were executed in breach of the Settlement Agreement and in violation of Kathleen's fiduciary duties;

d. Busey had constructive notice of the restrictions on Kathleen's authority by virtue of the *lis pendens* recorded in Jersey County on January 17, 2025, and in Douglas County on January 16, 2025, prior to the recording of any of the mortgages at issue; and

e. A party who takes an interest in real property with notice of pending litigation affecting that property is bound by the outcome of that litigation and cannot claim the protections afforded to a bona fide purchaser.

56. Kathleen claims an interest in the Real Property by virtue of her purported status as Trustee of the Exemption Trust.  Any such claim is invalid because Kathleen was removed as Trustee effective April 8, 2024, pursuant to the Settlement Agreement, and Plaintiff has been appointed Special Administrator of the Exemption Trust.

57. John claims or may claim an interest in the Real Property as a beneficiary of the Exemption Trust or otherwise. To the extent John claims any interest adverse to the Exemption Trust's fee simple ownership of the Real Property, such claim is invalid and should be extinguished.

58. The purported mortgages and assignments of rents in favor of Busey constitute clouds on the title to the Real Property.

59. The clouds on title created by Busey's purported liens are causing and will continue to cause irreparable harm to the Exemption Trust, including but not limited to:

a. Impairing the Trust's ability to sell, refinance, or otherwise deal with the Real Property;

b. Creating uncertainty as to the state of title to the Real Property;

c. Exposing the Trust to claims of default and threatened foreclosure proceedings; and

d. Diminishing the value of the Real Property.

60. Plaintiff has no adequate remedy at law to address the clouds on title to the Real Property.

61. Plaintiff is entitled to a judgment quieting title to the Real Property in the name of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, free and clear of any claims of Busey, Kathleen, John, or any other Defendant.

62. Plaintiff is further entitled to an order directing the Recorder of Deeds for Jersey County, Illinois, and the Recorder of Deeds for Douglas County, Illinois, to release, cancel, and remove from the public records the mortgages and assignments of rents purportedly granted to Busey, as more particularly identified in Group Exhibits F, G, and H attached hereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, respectfully prays that this Court enter judgment in his favor and against Defendants as follows:

As to Count I (Declaratory Judgment):

A. A declaration that the mortgages and assignments of rents granted to Busey with respect to the Real Property are void and unenforceable against the Exemption Trust;

B. In the alternative, a declaration that said mortgages and assignments of rents are voidable and are hereby avoided;

C. A declaration that the Exemption Trust owes no obligation to Busey under the Jersey County Loan, the First Douglas County Loan, or the Second Douglas County Loan;

D. A declaration that Busey has no valid lien or security interest in or to the Real Property;

E. A declaration that Busey had constructive notice of the limitations on Kathleen's authority by reason of the recorded *lis pendens*;

F. A declaration that any claims Busey may have arising from the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan are against Kathleen M. Eagleton personally and not against the Exemption Trust or its assets;

As to Count II (Quiet Title):

G. A judgment quieting title to the Real Property in the name of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, free and clear of any and all claims of Busey Bank, Kathleen M. Eagleton, John Eagleton, or any other Defendant;

H. An order declaring that the mortgages and assignments of rents recorded by Busey against the Real Property are void, invalid, and of no force or effect;

I. An order directing the Recorder of Deeds for Jersey County, Illinois, to release, cancel, and remove from the public records all mortgages and assignments of rents purportedly granted to Busey with respect to the Real Property located in Jersey County, Illinois;

J. An order directing the Recorder of Deeds for Douglas County, Illinois, to release, cancel, and remove from the public records all mortgages and assignments of rents purportedly granted to Busey with respect to the Real Property located in Douglas County, Illinois;

14

As to All Counts:

K. An award of Plaintiff's reasonable attorney's fees and costs incurred in this action;

L. Pre-judgment and post-judgment interest as allowed by law; and

M. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

LASHLY & BAER, P.C.

By:    /s/ Steven M. Wallace
       Steven M. Wallace
       122 North Main Street
       Edwardsville, IL 62025
       Phone: (314) 436-8385
       Email:  swallace@lashlybaer.com

       Counsel to Cullen Hallmark, Special
       Administrator

15

## **EXHIBITS**

Exhibit A – Legal Description of Real Property

Exhibit B – Settlement Agreement

Exhibit C – Enforcement Motion

Exhibit D – Lis Pendens (Jersey County, Illinois)

Exhibit E – Lis Pendens (Douglas County, Illinois)

Group Exhibit F – Real Estate Mortgage and Assignment of Rents (Jersey County Loan)

Group Exhibit G – Real Estate Mortgage and Assignment of Rents (First Douglas County Loan)

Group Exhibit H – Real Estate Mortgage and Assignment of Rents (Second Douglas County Loan)

Exhibit I – Enforcement Order

Exhibit J – Busey Demand Letter