## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CULLEN HALLMARK, Special
Administrator of The Kathleen M. and
William L. Eagleton, Jr. Revocable Trust

      Plaintiff,

v.

BUSEY BANK, KATHLEEN M.
EAGLETON, and JOHN EAGLETON,

      Defendants.

Case No. 3:26-cv-00240-JPG

BUSEY BANK,

      Counter-Plaintiff,

v.

CULLEN HALLMARK, Special
Administrator of The Kathleen M. and
William L. Eagleton, Jr. Revocable Trust

      Counter-Defendant.

BUSEY BANK,

      Cross-Plaintiff,

v.

KATHLEEN M. EAGLETON,

      Cross-Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES TO
## AMENDED COMPLAINT, COUNTERCLAIMS, AND CROSS-CLAIM

*ANSWER*

NOW COMES Defendant BUSEY BANK, an Illinois banking corporation, ("Busey"), by and through its undersigned attorneys, and as and for its Answer to the Amended Complaint (Dkt. #6) filed by CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust ("Plaintiff"), capitalized terms used herein and not otherwise defined being ascribed the meanings given them in the Amended Complaint, states as follows:

Parties, Jurisdiction and Venue

1. Busey admits the allegations in paragraph 1 of the Amended Complaint on information and belief.

2. Busey admits the allegations in paragraph 2 of the Amended Complaint.

3. Busey admits the allegations in paragraph 3 of the Amended Complaint on information and belief.

4. Busey admits the allegations in paragraph 4 of the Amended Complaint on information and belief.

5. Paragraph 5 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey admits the allegations in paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey admits the allegations in paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey admits the allegations in paragraph 7 of the Amended Complaint.

<u>Allegations Common to All Counts</u>

8. Busey admits the allegations in paragraph 8 of the Amended Complaint.

9. Busey admits that the Exemption Trust owned and continues to own real property in Jersey and Douglas Counties, Illinois, in particular, the real property described in the mortgages attached to the Amended Complaint in Group Exhibits F, G, and H. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 9 of the Amended Complaint.

10. Busey denies that the Settlement Agreement provides that Kathleen was removed as Trustee of the Exemption Trust. Busey admits that the quoted language appears in the Settlement Agreement. Busey denies the allegations in paragraph 10 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Settlement Agreement. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey denies the allegations in paragraph 11 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Settlement Agreement, and Busey neither admits, nor denies, the remaining allegations set forth in paragraph 11 of the Amended Complaint and refers the Court to the Settlement Agreement for a full and complete statement of its terms.

12. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey lacks knowledge or information

3

sufficient to form a belief as to the veracity of the allegations in paragraph 13 of the Amended Complaint.

14. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 14 of the Amended Complaint.

15. Busey denies the allegations in paragraph 15 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Enforcement Motion, and Busey neither admits, nor denies, the remaining allegations set forth in paragraph 15 of the Amended Complaint and refers the Court to the Enforcement Motion for a full and complete statement of its terms and conditions.

16. Paragraph 16 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 16 of the Amended Complaint.

17. Busey denies the allegations in paragraph 17 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Enforcement Motion, and Busey neither admits, nor denies, the remaining allegations set forth in paragraph 17 of the Amended Complaint and refers the Court to the Enforcement Motion for a full and complete statement of its terms and conditions.

18. Insofar as paragraph 18 of the Amended Complaint sets forth a conclusion of law (namely, that the document attached to the Amended Complaint as Exhibit D is a *lis pendens*), no answer is required. Busey admits that the document attached to the Amended Complaint as Exhibit D was recorded in Jersey County, Illinois, on January 17, 2025. Busey lacks knowledge or

information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 18 of the Amended Complaint.

19. Insofar as paragraph 19 of the Amended Complaint sets forth a conclusion of law (namely, that the document attached to the Amended Complaint as Exhibit E is a *lis pendens*), no answer is required. Busey admits that the document attached to the Amended Complaint as Exhibit E was recorded in Douglas County, Illinois, on January 16, 2025. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that on or about March 19, 2025, Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to borrow the sum of $700,000.00 from Busey, and Busey denies any allegations in paragraph 20 of the Amended Complaint that purport to contradict or derogate from these facts. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 20 of the Amended Complaint.

21. Paragraph 21 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to grant Busey a mortgage lien and assignment of rents against the Trust's real property located in Jersey County, Illinois, copies of which real estate mortgage and assignment of rents with respect to the Trust's real property in Jersey County, Illinois, are attached to the Amended Complaint as Group Exhibit F, and Busey denies any allegations in paragraph 21 of the Amended Complaint that purport to contradict or derogate from these facts.

Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 21 of the Amended Complaint.

22. Busey admits that a real estate mortgage and an assignment of rents collateralizing the Jersey County Loan were recorded March 20, 2025, and denies any remaining allegations in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that on or about January 31, 2025, Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to borrow the sum of $787,500.00 from Busey, and Busey denies any allegations in paragraph 23 of the Amended Complaint that purport to contradict or derogate from these facts. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to grant Busey a mortgage lien and assignment of rents against certain real property owned by the Trust located in Douglas County, Illinois, copies of which real estate mortgage and assignment of rents made in connection with the First Douglas County Loan are attached to the Amended Complaint as Group Exhibit G, and Busey denies any allegations in paragraph 24 of the Amended Complaint that purport to contradict or derogate from these facts. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the

6

allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 24 of the Amended Complaint.

25. Busey admits that a real estate mortgage and an assignment of rents collateralizing the First Douglas County Loan were recorded February 3, 2025, and denies any remaining allegations in paragraph 25 of the Amended Complaint.

26. Busey denies that any lis pendens had been recorded as of the time that the loan described in paragraph 26 of the Amended Complaint was made. Paragraph 26 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that on or about January 14, 2025, Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to borrow the sum of $534,000.00 from Busey, and Busey denies any allegations in paragraph 26 of the Amended Complaint that purport to contradict or derogate from these facts. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint sets forth conclusions of law to which no answer is required. Further responding, Busey admits that Kathleen, as Trustee of the Exemption Trust, caused the Exemption Trust to grant Busey a mortgage lien and assignment of rents against certain real property owned by the Trust located in Douglas County, Illinois, copies of which real estate mortgage and assignment of rents made in connection with the Second Douglas County Loan are attached to the Amended Complaint as Group Exhibit H, and Busey denies any allegations in paragraph 27 of the Amended Complaint that purport to contradict or derogate from these facts. Busey lacks knowledge or information sufficient to form a belief as to the veracity of

the allegations regarding Kathleen's obligations under the Settlement Agreement. Busey denies any remaining allegations in paragraph 27 of the Amended Complaint.

28. Busey admits that a real estate mortgage and an assignment of rents collateralizing the Second Douglas County Loan were recorded May 7, 2025, and denies any remaining allegations in paragraph 28 of the Amended Complaint.

29. Paragraph 29 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 31 of the Amended Complaint.

<u>COUNT I – DECLARATORY JUDGMENT</u>

32. Busey repeats and realleges its Answers to paragraphs 1 through 31 of the Amended Complaint as though fully set forth in its Answer to Count I of the Amended Complaint.

33. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 33 of the Amended Complaint.

34. Busey denies the allegations in paragraph 34 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Enforcement

Order, and Busey neither admits, nor denies, the remaining allegations set forth in paragraph 34 of the Amended Complaint and refers the Court to the Enforcement Order for a full and complete statement of its terms.

35. Busey admits the allegations in paragraph 35 of the Amended Complaint.

36. Busey admits the allegations in paragraph 36 of the Amended Complaint.

37. Busey admits the allegations in paragraph 37 of the Amended Complaint.

38. Paragraph 38 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey admits the allegations in paragraph 38 of the Amended Complaint on information and belief.

39. Paragraph 39 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey admits that an actual and substantial controversy exists between Plaintiff and Busey, which requires an immediate determination of the parties' relative rights and interests in and to the Real Property, and denies the remaining allegations in paragraph 39 of the Amended Complaint.

40. Paragraph 40 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 40 of the Amended Complaint.

41. Paragraph 41 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 41 of the Amended Complaint.

42. Paragraph 42 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in

9

paragraph 42 of the Amended Complaint that paraphrase, misquote, mischaracterize, omit, or take out of context any portion of the Settlement Agreement, Busey denies that the Settlement Agreement removed Kathleen as Trustee of the Exemption Trust, and Busey neither admits, nor denies, the remaining allegations set forth in paragraph 42 of the Amended Complaint and refers the Court to the Settlement Agreement for a full and complete statement of its terms.

43. Paragraph 43 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 44 of the Amended Complaint.

45. Paragraph 45 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 46 of the Amended Complaint.

47. Paragraph 47 of the Amended Complaint sets forth a conclusion of law to which no answer is required.

48. Paragraph 48 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 48 of the Amended Complaint.

49. Paragraph 49 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey admits the allegations in paragraph 49 of the Amended Complaint, given Plaintiff's refusal to comply with the mortgages and assignments of rents.

50. Paragraph 50 of the Amended Complaint sets forth conclusions of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 50 of the Amended Complaint.

<u>COUNT II – QUIET TITLE</u>

51. Busey repeats and realleges its Answers to paragraphs 1 through 50 of the Amended Complaint as though fully set forth in its Answer to Count II of the Amended Complaint.

52. Busey admits that the Exemption Trust is the owner of the real property described in the mortgages attached to the Amended Complaint in Group Exhibits F, G, and H. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 52 of the Amended Complaint.

53. Paragraph 53 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies that Plaintiff has any right to the relief described in paragraph 53 of the Amended Complaint.

54. Busey admits that it has an interest in portions of the Real Property by virtue of various instruments, including the mortgages and assignments of rents recorded as follows: a. Real estate mortgage and assignment of rents with respect to the Jersey County, Illinois property, recorded March 20, 2025, securing the Jersey County Loan in the principal amount of $700,000.00; b. Real estate mortgage and assignment of rents with respect to certain Douglas County, Illinois property, recorded February 3, 2025, securing the First Douglas County Loan in the principal amount of

$787,500.00; and c. Real estate mortgage and assignment of rents with respect to certain Douglas County, Illinois property, recorded May 7, 2025, securing the Second Douglas County Loan in the principal amount of $534,000.00, and denies the remaining allegations in paragraph 54 of the Amended Complaint.

55. Paragraph 55 of the Amended Complaint sets forth conclusions of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 55 of the Amended Complaint.

56. Paragraph 56 of the Amended Complaint sets forth conclusions of law to which no answer is required. To the extent that an answer is required, Busey denies that Kathleen was removed as Trustee effective April 8, 2024, pursuant to the Settlement Agreement. Busey lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 56 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint sets forth conclusions of law to which no answer is required. To the extent that an answer is required, Busey lacks knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 57 of the Amended Complaint.

58. Paragraph 58 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 58 of the Amended Complaint.

59. Paragraph 59 of the Amended Complaint sets forth conclusions of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 59 of the Amended Complaint.

60. Paragraph 60 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 60 of the Amended Complaint.

61. Paragraph 61 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 61 of the Amended Complaint.

62. Paragraph 62 of the Amended Complaint sets forth a conclusion of law to which no answer is required. To the extent that an answer is required, Busey denies the allegations in paragraph 62 of the Amended Complaint.

PRAYER FOR RELIEF

Busey denies that Plaintiff is entitled to the relief sought in either Count I or Count II of the Amended Complaint.

***AFFIRMATIVE DEFENSES***

NOW COMES Defendant BUSEY BANK, an Illinois banking corporation, ("Busey") by and through its undersigned counsel, and as and for its Affirmative Defenses to the Amended Complaint (Dkt. #6) filed by CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, capitalized terms used herein and not otherwise defined being ascribed the meanings given them in Busey's Answer to the Amended Complaint, states as follows:

Affirmative Defense 1: Actual Authority

1. The Enforcement Order (Ex. I to the Amended Complaint) removed Kathleen M. Eagleton as Trustee of the Trust as of its entry on April 16, 2025.

13

2.      Until the entry of the Enforcement Order on April 16, 2025, Kathleen M. Eagleton was the Trustee of the Trust, and therefore had the power and authority to enter into the loans with Busey and to pledge the Trust's real property.

3.      The Mortgages and Assignments of Rents attached to the Amended Complaint in Exhibits F, G, and H to the Amended Complaint are valid and enforceable on their terms.

Affirmative Defense 2: 760 ILCS §3/1013

1.      At the time the Jersey County Loan, the First Douglas County Loan, and the Second Douglas County Loan were made by Busey to the Trust, Busey had been provided Certifications of Trust, consistent with 760 ILCS §3/1013, copies of which Certifications of Trust are attached hereto as Group Exhibit 1.

2.      760 ILCS §3/1013(g) provides as follows: "A person who in good faith enters into a transaction in reliance upon a certification of trust may enforce the transaction against the trust property as if the representations contained in the certification were correct." 760 ILCS §3/1013(g).

3.      Busey entered into the three loans that are the subject of this case in good faith, in reliance on the Certifications of Trust (Ex. 1).

4.      The Mortgages and Assignments of Rents attached to the Amended Complaint in Exhibits F, G, and H to the Amended Complaint are valid and enforceable on their terms.

PRAYER FOR RELIEF

WHEREFORE, Busey respectfully requests that this honorable Court denies the relief sought in the Amended Complaint and awards Busey whatever other and further relief the Court deems appropriate under the circumstances.

14

*COUNTERCLAIMS*

NOW COMES Counter-Plaintiff BUSEY BANK, an Illinois banking corporation, ("Lender") by and through its undersigned counsel, and as and for its Counterclaims against CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, states as follows:

BACKGROUND

1.      Lender is an Illinois banking corporation with its principal place of business located in Champaign County, Illinois.

2.      CULLEN HALLMARK is currently the Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust.

3.      Prior to CULLEN HALLMARK being appointed as the Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust, Kathleen M. Eagleton was Trustee of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust.

4.      In 2025, Lender made various loans to Kathleen M. Eagleton as Trustee of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust.

5.      The loans constitute obligations of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust ("Borrower").

6.      Pursuant to the loans, at various times, Kathleen M. Eagleton provided Lender Certifications of Trust on January 6, 2025, January 15, 2025, and March 19, 2025, consistent with 760 ILCS §3/1013, copies of which Certifications of Trust are attached hereto as Group Exhibit 1.

<u>COUNT I</u>

<u>January 14, 2025 Promissory Note (the "Second Douglas County Loan")</u>

7.      Lender incorporates paragraphs 1 through 6 of the Background as and for paragraph 7 of this Count I.

8.      On or about January 14, 2025, Lender loaned $534,000.00 to Borrower, which loan is defined in the Amended Complaint filed in this case as the "Second Douglas County Loan."

9.      On or about January 14, 2025, Kathleen M. Eagleton, as Trustee of Borrower, executed that certain Promissory Note, a copy of which is attached hereto as <u>Exhibit 2</u> (the "January 14, 2025 Promissory Note"). The January 14, 2025 Promissory Note is dated as of January 14, 2025.

10.      The January 14, 2025 Promissory Note is valid and enforceable.

11.      The January 14, 2025 Promissory Note is governed by the laws of the State of Illinois. (*See* <u>Ex. 2</u>, pg. 2, "Governing Law").

12.      The January 14, 2025 Promissory Note is secured by, among other instruments, the Mortgage and Assignment of Rents dated January 14, 2025, copies of which are included in <u>Group Exhibit H</u> to the Amended Complaint filed in this case.

13.      The January 14, 2025 Promissory Note matured on July 14, 2025. (*See* <u>Ex. 2</u>, pg. 1, "Payment").

14.      The January 14, 2025 Promissory Note was required to be paid in full as of the maturity date. (*See* <u>Ex. 2</u>, pg. 1, "Payment").

15.      The January 14, 2025 Promissory Note was not paid in full as of the maturity date.

16.      The January 14, 2025 Promissory Note is in default, because it was not paid in full as of the maturity date and as the result of other failures and defaults.

17.	In this Counterclaim, Lender seeks a monetary judgment in Lender's favor and against Borrower for the amounts due pursuant to the January 14, 2025 Promissory Note.

18.	Lender is also entitled to recover from Borrower "Lender's attorneys' fees and Lender's legal expenses" under the January 14, 2025 Promissory Note (Ex. 2, pg. 2, "Attorneys' Fees; Expenses").

19.	As of January 30, 2026, the amount of $580,558.86, plus attorneys' fees, was due on the January 14, 2025 Promissory Note.

20.	From and after January 30, 2026, interest has continued and will continue to accrue at the rate of $122.52333 per day on the principal amount due (subject to adjustment as balances increase). Lender reserves the right to seek pre-judgment interest at the default rate set forth in the January 14, 2025 Promissory Note, and to compound interest.

21.	Attorneys' fees and related costs continue to be incurred by Lender.

22.	Lender's election to secure a judgment against Borrower on the January 14, 2025 Promissory Note in the first instance does not prejudice Lender's right to pursue additional remedies and judgments, against Borrower and/or any other entity, under the January 14, 2025 Promissory Note, the related Mortgage and Assignment of Rents, and other security instruments and loan documents.

COUNT II

January 31, 2025 Promissory Note (the "First Douglas County Loan")

23.	Lender incorporates paragraphs 1 through 6 of the Background as and for paragraph 23 of this Count II.

24.	On January 31, 2025, Lender loaned $787,500.00 to Borrower, which loan is defined in the Amended Complaint filed in this case as the "First Douglas County Loan."

17

25.     On January 31, 2025, Kathleen M. Eagleton, as Trustee of Borrower, executed that certain Promissory Note, a copy of which is attached hereto as Exhibit 3 (the "January 31, 2025 Promissory Note").

26.     The January 31, 2025 Promissory Note is valid and enforceable.

27.     The January 31, 2025 Promissory Note is governed by the laws of the State of Illinois. (*See* Ex. 3, pg. 2, "Governing Law").

28.     The January 31, 2025 Promissory Note is secured by, among other instruments, the Mortgage and Assignment of Rents dated January 31, 2025, copies of which are included in Group Exhibit G to the Amended Complaint filed in this case.

29.     The January 31, 2025 Promissory Note matured on July 31, 2025. (*See* Ex. 3, pg. 1, "Payment").

30.     The January 31, 2025 Promissory Note was required to be paid in full as of the maturity date. (*See* Ex. 3, pg. 1, "Payment").

31.     The January 31, 2025 Promissory Note was not paid in full as of the maturity date.

32.     The January 31, 2025 Promissory Note is in default, because it was not paid in full as of the maturity date and as the result of other failures and defaults.

33.     In this Counterclaim, Lender seeks a monetary judgment in Lender's favor and against Borrower for the amounts due pursuant to the January 31, 2025 Promissory Note.

34.     Lender is also entitled to recover from Borrower "Lender's attorneys' fees and Lender's legal expenses" under the January 31, 2025 Promissory Note (Ex. 3, pg. 2, "Attorneys' Fees; Expenses").

35.     As of January 30, 2026, the amount of $852,474.00, plus attorneys' fees, was due on the January 31, 2025 Promissory Note.

36.    From and after January 30, 2026, interest has continued and will continue to accrue at the rate of $178.50000 per day on the principal amount due (subject to adjustment as balances increase). Lender reserves the right to seek pre-judgment interest at the default rate set forth in the January 31, 2025 Promissory Note, and to compound interest.

37.    Attorneys' fees and related costs continue to be incurred by Lender.

38.    Lender's election to secure a judgment against Borrower on the January 31, 2025 Promissory Note in the first instance does not prejudice Lender's right to pursue additional remedies and judgments, against Borrower and/or any other entity, under the January 31, 2025 Promissory Note, the related Mortgage and Assignment of Rents, and other security instruments and loan documents.

COUNT III

March 19, 2025 Promissory Note (the "Jersey County Loan")

39.    Lender incorporates paragraphs 1 through 6 of the Background as and for paragraph 39 of this Count III.

40.    On March 19, 2025, Lender loaned $700,000.00 to Borrower, which loan is defined in the Amended Complaint filed in this case as the "Jersey County Loan."

41.    On March 19, 2025, Kathleen M. Eagleton, as Trustee of Borrower, executed that certain Promissory Note, a copy of which is attached hereto as Exhibit 4 (the "March 19, 2025 Promissory Note").

42.    The March 19, 2025 Promissory Note is valid and enforceable.

43.    The March 19, 2025 Promissory Note is governed by the laws of the State of Illinois. (*See* Ex. 4, pg. 2, "Governing Law").

19

44. The March 19, 2025 Promissory Note is secured by, among other instruments, the Mortgage and Assignment of Rents dated March 19, 2025, copies of which are included in Group Exhibit F to the Amended Complaint filed in this case.

45. The March 19, 2025 Promissory Note matured on September 19, 2025. (*See* Ex. 4, pg. 1, "Payment").

46. The March 19, 2025 Promissory Note was required to be paid in full as of the maturity date. (*See* Ex. 4, pg. 1, "Payment").

47. The March 19, 2025 Promissory Note was not paid in full as of the maturity date.

48. The March 19, 2025 Promissory Note is in default, because it was not paid in full as of the maturity date and as the result of other failures and defaults.

49. In this Counterclaim, Lender seeks a monetary judgment in Lender's favor and against Borrower for the amounts due pursuant to the March 19, 2025 Promissory Note.

50. Lender is also entitled to recover from Borrower "Lender's attorneys' fees and Lender's legal expenses" under the March 19, 2025 Promissory Note (Ex. 4, pg. 2, "Attorneys' Fees; Expenses").

51. As of January 30, 2026, the amount of $749,126.19, plus attorneys' fees, was due on the March 19, 2025 Promissory Note.

52. From and after January 30, 2026, interest has continued and will continue to accrue at the rate of $154.97222 per day on the principal amount due (subject to adjustment as balances increase). Lender reserves the right to seek pre-judgment interest at the default rate set forth in the March 19, 2025 Promissory Note, and to compound interest.

53. Attorneys' fees and related costs continue to be incurred by Lender.

54.     Lender's election to secure a judgment against Borrower on the March 19, 2025 Promissory Note in the first instance does not prejudice Lender's right to pursue additional remedies and judgments, against Borrower and/or any other entity, under the March 19, 2025 Promissory Note, the related Mortgage and Assignment of Rents, and other security instruments and loan documents.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Lender respectfully requests that this honorable Court enter judgment in favor of Lender and against Borrower as follows:

A.     As to Count I, in an amount to be determined upon entry of judgment, including interest, plus Lender's attorneys' fees and costs of suit, all as calculated pursuant to the January 14, 2025 Note, and for whatever other and further relief the Court deems appropriate under the circumstances;

B.     As to Count II, in an amount to be determined upon entry of judgment, including interest, plus Lender's attorneys' fees and costs of suit, all as calculated pursuant to the January 31, 2025 Note, and for whatever other and further relief the Court deems appropriate under the circumstances;

C.     As to Count III, in an amount to be determined upon entry of judgment, including interest, plus Lender's attorneys' fees and costs of suit, all as calculated pursuant to the March 19, 2025 Note, and for whatever other and further relief the Court deems appropriate under the circumstances.

*CROSSCLAIM*

NOW COMES BUSEY BANK, an Illinois banking corporation, ("Lender") by and through its undersigned counsel, and as and for its Crossclaim against KATHLEEN M. EAGLETON, states as follows:

1.      Lender incorporates paragraphs 1 through 54 of its Counterclaims as and for paragraph 1 of this Crossclaim.

2.      KATHLEEN M. EAGLETON ("Guarantor") executed that certain Commercial Guaranty in favor of Lender, guarantying "full and punctual payment and satisfaction" of amounts owed by Borrower to Lender, a copy of which is attached hereto as Exhibit 5.

3.      Borrower has defaulted on the January 14, 2025 Promissory Note (Ex. 2), the January 31, 2025 Promissory Note (Ex. 3), and the March 19, 2025 Promissory Note (Ex. 4).

PRAYER FOR RELIEF

WHEREFORE, Lender respectfully requests that this honorable Court enter judgment in favor of Lender and against Guarantor in an amount to be determined upon entry of judgment, including interest, plus Lender's attorneys' fees and costs of suit, all as calculated pursuant to the January 14, 2025 Promissory Note (Ex. 2), the January 31, 2025 Promissory Note (Ex. 3), and the March 19, 2025 Promissory Note (Ex. 4), and pursuant to the Commercial Guaranty (Ex. 5), and for whatever other and further relief the Court deems appropriate under the circumstances.

Respectfully submitted,

BUSEY BANK, Defendant, Counter-Plaintiff, Cross-Plaintiff

By:    /s/ Janaki Nair
           One of its attorneys

Janaki Nair (ARDC No. 6278112)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Email: jnair@emrslaw.com

926-0171

## EXHIBITS

(Group) Exhibit 1: Certifications of Trust

Exhibit 2: January 14, 2025 Promissory Note

Exhibit 3: January 31, 2025 Promissory Note

Exhibit 4: March 19, 2025 Promissory Note

Exhibit 5: Commercial Guaranty

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Illinois, using the electronic case filing system of the court.


/s/ Janaki Nair
Attorney


John S. Elias (ARDC No. 3124283)
Janaki Nair (ARDC No. 6278112)
Lane G. Alster (ARDC No. 6285628)
Lucas D. Myrna (ARDC No. 6336435)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Email: jelias@emrslaw.com
        jnair@emrslaw.com
        lalster@emrslaw.com
        lmyrna@emrslaw.com

25