UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CULLEN HALLMARK, Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust,<br><br>Plaintiff,<br><br>v.<br><br>BUSEY BANK, KATHLEEN M. EAGLETON, and JOHN EAGLETON,<br><br>Defendants. | Case No. 26-cv-240-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Defendant John Eagleton ("John") to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6) for lack of a case or controversy (Doc. 28). Plaintiff Cullen Hallmark ("the Trustee"), Special Administrator of The Kathleen M. and William L. Eagleton, Jr., Revocable Trust ("the Trust"), has responded (Doc. 34). Because Hallmark has not pleaded any controversy with John, the Court **GRANTS** the motion to dismiss and **DISMISSES without prejudice** the claims against him.

## I. Standard for Dismissal

Although John brings his motion to dismiss under Rule 12(b)(6), he essentially challenges the Court's subject matter jurisdiction for lack of an actual case or controversy. Accordingly, his motion is governed by Rule 12(b)(1) which allows for a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law. Fed. R. Civ. P. 12(b)(1). As with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II. Facts Alleged

Taking all the allegations in the Amended Complaint as true, the following facts are established for purposes of this motion. The Court summarizes the facts with an extremely broad brush because John's motion concerns only a very discrete issue.

Defendant Kathleen M. Eagleton ("Kathleen") was the former trustee of the Trust, which contains real property in Jersey and Douglas Counties in Illinois (the "Illinois Properties"). John is one of the Trust beneficiaries. A 2022 lawsuit in New Mexico state court resulted in an April 2024 settlement between Kathleen and the Trust beneficiaries, including John, in which Kathleen promised to step down as a trustee so a corporate trustee could be appointed. She also promised not to encumber the Illinois Properties before the new trustee was appointed.

Nevertheless, in early 2025, still acting as a trustee, Kathleen borrowed more than $2 million from Defendant Busey Bank, using the Illinois Properties and their rental income as collateral. Around the same time, some Trust beneficiaries, not including John, petitioned the New Mexico court to enforce the April 2024 settlement. On April 16, 2025, the New Mexico court entered an enforcement order appointing Plaintiff Hallmark to be the Special Administrator of the Trust to succeed Kathleen as a trustee. In February 2026, Busey Bank sent a demand letter to Plaintiff Hallmark, alleging that the Trust had defaulted under the loans, demanding payment of all sums due under them, and asserting its right to foreclose under the mortgages. This lawsuit followed.

In Count I, Plaintiff Hallmark seeks a declaratory judgment that the loans and mortgages involving Busey Bank are void and unenforceable or, in the alternative, are voidable at the current Trustee's election because Kathleen lacked authority to execute them for the Trust. In Count II, he seeks to quiet title to the Illinois Properties in the Trust free and clear of any claims by Busey

Bank, Kathleen, or John.

John has now moved to dismiss all claims against him, arguing that no actual controversy existed between him and the Trustee when the case was filed because he is not a party to the loans or the mortgages and has never made a claim to the Illinois Properties. Relying primarily on *Stephenson v. Stephenson*, 249 F.2d 203 (7th Cir. 1957), he maintains that paragraph 57 of the Amended Complaint, which states that John "claims or may claim an interest in" the properties as a "beneficiary" of the Trust "or otherwise," is insufficient to satisfy the actual case or controversy requirement. Hallmark counters that John's beneficial interest in the Trust property and his interest in the New Mexico settlement agreement adequately establish John's involvement in this dispute.

**III. Analysis**

The existence of a case or controversy is a statutory prerequisite under the Declaratory Judgment Act, 28 U.S.C. § 2201, as well as a jurisdictional prerequisite under Article III, Section 2, of the Constitution. There must be an "actual controversy" between the parties, that is,

> [t]the controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests . . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 81 L. Ed. 617 (1937); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). The Court of Appeals for the Seventh Circuit has noted:

> The Supreme Court recently has reminded us that "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *U.S. National Bank of Oregon v. Independent Insurance Agents*, 508 U.S. 439, [446 (1993)] (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The "case or controversy" requirement protects the principle of separation of powers and properly limits the role of the judiciary in a democratic society. *Allen v. Wright*, 468 U.S. 737, 750 (1984). In essence, the requirement keeps federal courts in the business of resolving

> existing legal disputes and out of the business of offering advice on the legality of a proposed course of action. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988).

*Deveraux v. City of Chi.* 14 F.3d 328, 330 (7th Cir. 1994) (parallel citations omitted). Allegations of future harm are insufficient to establish an actual case and controversy unless the harm is "certainly impending." *Clapper v. Amnesty Intern.*, 568 U.S. 398, 401, 133 Sect. 1138, 185 L.Ed.2d 264 (2013). The proponent of federal jurisdiction has the burden to show it exists. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023); *Stephenson*, 249 F.2d at 205.

John argues that he has no dispute with the Trust and that, in fact, their interests are aligned, since he is a Trust beneficiary. Hallmark counters that the Trust may have a dispute with John because he may challenge Hallmark's authority, demand distribution of his interest in the Trust, or assert a breach of fiduciary duty. Alternatively, Hallmark argues, John has an interest in this litigation because he is a signatory to the New Mexico settlement agreement.

The Court finds *Stephenson* instructive, if not controlling. There, as part of a divorce decree, Grant Stephenson provided his ex-wife Irene Stephenson the income from certain trusts for her lifetime, with the trusts' principal to be paid over to Grant when she died or pursuant to Grant's will if he predeceased Irene. *Id.* at 204. Grant then married Valerie and bequeathed to her his interest in the trust remainder. *Id.* Irene outlived Grant, and when she died, Valerie sued Grant's children from his marriage with Irene for an order declaring she owned the trust remainder and quieting title to that property. *Id.* The court found that there was no case or controversy sufficient to invoke federal jurisdiction because none of Grant's and Irene's children had actually claimed an interest in the property, even though it was possible that they might. *Id.* at 205. The Court of Appeals noted that "a quiet title action cannot be maintained unless there is a showing that defendant asserts a claim which is adverse to plaintiff's title" and Valerie had made no

showing of a direct or indirect claim. *Id.* Accordingly, it affirmed dismissal of the case in its entirety. *Id.*

Like the parties in *Stephenson*, Hallmark has failed to plead a controversy with John. The Amended Complaint pleads no facts that John has actually asserted any kind of claim adverse to Hallmark's interest or position in this legal matter. *Stephenson*, 249 F.2d at 207 ("There is no evidence that defendants ever asserted a claim to the remainders which plaintiff contends are vested in her."). "While there is an actual controversy . . . where one side makes a claim of a *present, specific right* and the other side makes *an equally definite claim to the contrary*, a total absence of proof of a claim on one side makes impossible the existence of a controversy." *Id.* at 208 (internal citation omitted) (emphasis added). Nothing in the Amended Complaint allows an inference that John's potential assertion of a claim against the Trust is more than just a speculation or a "fear" of a future assertion of rights, which the Court in *Stephenson* found insufficient to establish an actual case or controversy.

The Court recognizes that, unlike John, the defendants in *Stephenson* were not beneficiaries of the trust or had any type of contractual relationship with the plaintiff. Yet, Hallmark fails to cite any authority in support of his argument that John's interest in the Trust property—arising solely from his status as a trust beneficiary or a settlement signatory—is inherently adverse to his interests as Trustee. The fact that those interests may potentially become adverse in the future is insufficient to establish a case or controversy. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451 (7th Cir. 2016) (finding that any controversy between the parties lacked 'sufficient immediacy' to trigger the federal court's jurisdiction where the requested relief arose "from hypothetical benefits claims that ha[d] yet to be filed—indeed from injuries that ha[d] not yet occurred.").

Ultimately, it is Hallmark's burden to convince the Court of its subject matter jurisdiction, and it has failed to do so, making only broad proclamations without citation to any relevant authority. For this reason, the Court will dismiss John from this lawsuit without prejudice to repleading a claim against him.

## IV. Conclusion

For these reasons, the Court **GRANTS** John's motion to dismiss for lack of jurisdiction (Doc. 28) and **DISMISSES** the claims against him **without prejudice**. The Court further **ORDERS** that Hallmark shall have 21 days to file an amended complaint asserting facts plausibly suggesting a controversy with John.

**IT IS SO ORDERED.**
**DATED: October 7, 2026**



**J. PHIL GILBERT**
**DISTRICT JUDGE**